# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIAR GAINER, | 1:12-cv-01495 GSA PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |
| v. | |
| RALPH DIAZ, et al., | |
| Defendants. | |

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 13, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A.     Summary of Complaint

Plaintiff is currently housed at Corcoran State Prison, where the events at issue in this action occurred. Plaintiff's statement of claim, in its entirety, follows:

> Plaintiff arrived here at CSATF/State Prison at Corcoran, and when it was time for plaintiff to receive his legal and personal property, much of said property was in fact missing. Plaintiff timely submitted an CDCR 602 appeal and clearly explaining the situation to the R&R Staff and Appeal Coordinator which never responded back to plaintiff said appeal. Appeal patiently waited for response and none came. Suit ensued.

(Compl. ¶ IV.)

### B.     Deprivation of Property

While authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional authorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Plaintiff alleges that his property was lost. Whether the cause of the property loss was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994)(citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable claim for deprivation of property.

1  ///

2      **C.**    **Grievance Process**

3  The only other conduct referred to in Plaintiff's statement of claim is Defendants' participation in the inmate grievance process. Actions in reviewing an inmate grievance alone are not sufficient to demonstrate liability under § 1983. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Ellington v. Clark, 2010 WL 3001427, (E.D. Cal. July 29, 2010) citing George v. Smith, 507 F.3d 604, 609 (7th Cir. 2007). For a supervisory defendant to be liable, there must be either personal involvement or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) (per curiam)(citing Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc)).

**III.**    **Conclusion and Order**

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claim arises from the deprivation of his property. Plaintiff as an adequate post-deprivation remedy under California law. Therefore, he fails to state a claim for relief under section 1983. Because the Court finds that this deficiency is not capable of being cured by amendment, this action should therefore be dismissed, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly IT IS HEREBY ORDERED that this action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 13, 2012**        **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE